Dugro, J.
—The plaintiffs, complaining on behalf of themselves and of all other members of the Cigar Makers5* International Union of America, show that they are cigar makers and members of the Cigar Makers’ International Union of America; that said union is a voluntary unincorporated association of practical cigar makers, formed for the purposes of promoting the mental, moral and physical welfare of its members, by assisting them to obtain labor at remunerative prices, by affording them pecuniary aid in sickness, and generally to maintain a high standard of workmanship, and fair wages of cigar makers; that for the purpose of designating the articles manufactured by members of the union, the union devised and adopted a trademark or label, to which they gave the name of “union label,” a fac simile of which label is attached to the complaint.
That prior to the adoption of said label, the same had not been known or in use in this country or elsewhere, and ever since said adoption the members of the said union have been, and are, exclusively entitled to the use of said labels, and the same have been conspicuously pasted on the outside of cigar boxes containing the cigars made by the plaintiffs and other members of the union, on whose behalf the action is brought.
That the said label affixed to cigar boxes is intended as a guaranty that the cigars therein contained are manufactured by members of the union, and that fair wages and good workmanship have been thereby secured, and that the cigars were not made in tenement houses, or state prisons, and for those reasons the same command a higher price in the market than cigars of a similar appearance, but without said label; and that the use of the said label is a source of great profit to the plaintiffs and others on whose behalf this action is brought.
*272 - Plaintiffs further show, that the defendant has been and is infringing the exclusive light of the plaintiffs and the other members of the union to the use of the said label, in that defendant, with intent to defraud plaintiffs and deceive the public, has sold, and is offering for sale in New York city, boxes of cigars bearing labels which falsely purport to have been issued by the Cigar Makers’ International Union of America, and which labels are such close imitations of the genuine labels used by plaintiffs as aforesaid that they are calculated to and do deceive and mislead the public into the belief that the cigars sold by defendant are manufactured by members of the aforesaid union; and that the labels used by defendant are false and spurious imitations of the genuine labels and trademark of the plaintiffs.
Plaintiffs further show that by reason of defendant’s wrongful acts, ix’reparable damage and injury is caused to them, and therefore, they pray for an injunction and an account, and for damages.
The defendant, axxswering on information and belief, denies the use by him of counterfeit labels; he further denies that he has sold, or offex’ed to sell, cigars not made by members of the “ Cigarmakers’ International Union of America,” in boxes bearing labels falsely pxxrporting to have been issued by said union; and for a further defense he alleges as follows: That the plaintiffs are not, nor is the alleged union, manufacturers of cigars in a proprietary sense, or in any right of proprietorship, nor do they or it, have any right of property, possession or control in cigai’S made by its alleged member's or otherwise; nor do they, or it, have any interest in, or ownership in or control the product of the labor of the several alleged members of said alleged union, or of any of them; nor do they, or it, have any royalty on the manufacture or sales of any cigars, whether having said alleged label or trademark affixed, or otherwise: nor do they, or it, have any share or interest in the profits of any sales made by any of its alleged members. Defendant, however, does not deny the use by him of genuine union labels on boxes containing cigars manufactured by non-union workmen, or others, not members of the said union.
The affidavits presented by plaintiffs, and a comparison of the genuine and spurious labels, compel me to the view that such a state of facts appears herein as calls for (one question conceded) an injunction pendente lite. The question to which I refer, is that raised by the defendant in his contention, that the plaintiffs are not tlxe owners or manufacturers of cigars, but merely laborers employed to convert the material provided into the article of trade. The defendant’s counsel on the argument and in his brief, lays *273 great stress on the fact that the label presented in this case, does not come within the settled definition of a trademark, as he claims it to be.
It is needless to discuss this phase of the case, for the right to the exclusive use of this label may be sustained, although it fail to be a trademark in the precise definition of the term as heretofore used. For whether we call the property right, which I believe the plaintiffs have in the' label, a trademark, or by another name, is a matter of slight import. It is a right entitled to the protection of a court of equity on the same principle as that upon which courts have based their right to protect trademarks and good will. It has been accepted as the rule that the court 4‘proceeds upon the ground that a person has a valuable interest in the good will of his trade or business; and that having appropriated to himself a particular label, or sign, or trademark, indicating to those who wish to give him their patronage that the article is manufactured or sold by him or by his authority, or that he carries on his business at a particular place, he is entitled to protection against any other person who attempts to pirate on the good will of his friends or customers, or the patrons of his trade or business, by sailing under his flag without his authority or consent.
It needs no deep study to perceive that the laborer has the same valuable interest in the good will of his labor as a manufacturer has in the good will of his trade. Simply because the labor or force employed in preparing for trade, possibly an otherwise useless or comparatively worthless material, is in its nature intangible property, while the combination of the material itself and force or labor is tangible property, is no reason for holding that the owner of one may be protected from imposition and fraud in the use of a devise to distinguish his property, and the owner of the other cannot. Of course it is a matter of impossibility for the owner of intangible property to attach to it his badge or label of proprietorship or interest, unless wdth consent of the owner of the physical property itself, but this does not affect the principle applicable to the case.
If certain laborers who, through a union, in the adoption of and in compliance with any set of rules which guarantee or purport to insure a certain class of labor, have thereby increased a demand for their particular labor, and if this union sees fit to designate the labor of the members by any particular symbol, label or sign, which is descriptive of the origin or ownership of the labor, such a device as may be adopted is entitled to the protection of a court of equity fro ni fraudulent simulation.
*274 The right to the label seems to me to be a valuable one, for it appears that boxes of cigars to which the label is affixed sell in the market for a higher price than the same cigars sell in boxes upon which the label does not appear. It is clear that if this be so, the natural result of the use of a fraudulent simulation of this label on boxes of cigars, without the authority of the union, is such an injury as entitles them to the protection of the court.
The label of the plaintiffs, used as the symbol of their labor, does not conflict with the rules applicable to trade marks, or any analogous rules, and so, for the purpose for which it is used, it can be considered proper and entitled to protection.
The plaintiffs are entitled to be protected in the use and value of their property, and, as in this case, it can be adequately protected only by an injunction, injunction pendente lite will issue; order to be settled on notice.